IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| THOMAS LAURO, #A0153221, | ) | CIV. NO. 19-00632 LEK-WRP |
| | ) | |
| Plaintiff, | ) | DISMISSAL ORDER |
| | ) | |
| vs. | ) | |
| | ) | |
| HONOLULU CITY AND COUNTY | ) | |
| PROSECUTOR'S OFFICE, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Before the Court is pro se Plaintiff Thomas Lauro's prisoner civil rights Complaint. ECF No. 1. Plaintiff is incarcerated at the Halawa Correctional Facility ("HCF") pursuant to the sentence imposed in *State v. Russo*,[1] Cr. No. 12-1-1460 (Haw. 1st Cir.) ("*Russo*").[2] Plaintiff names as Defendants (1) the Honolulu City and County Department of the Prosecuting Attorney ("Office of the Prosecutor"); (2) Prosecuting Attorney Keith Kaneshiro ("Kaneshiro"); (3) ex-Deputy Prosecutor Katherine Kealoha ("Kealoha"); and (4) Deputy Prosecutor

---

[1] *Russo's* docket shows that the defendant, "Thomas Russo," is "also known as Thomas Reyes, **Thomas Lauro** and Michael Wilson." https://jimspss1.courts.state.hi.us/JIMSExternal. (1PC121001460) (last visited Jan. 17, 2020).

[2] The Court takes judicial notice of Plaintiff's state proceedings in *Russo* and *Lauro v. State*, 1CPN-19-0000002 (Haw. 1st Cir., filed Oct. 22, 2019) (post-conviction challenge to *Russo*); and to the federal cases to which he repeatedly refers in the Complaint, *Lauro v. State*, 1:12-cv-00637-DKW-RT (D. Haw. 2015) ("*Lauro I*"); and *Lauro v. Hawai`i Dep't of Public Safety*, 1:19-cv-00585-DKW-KJM (D. Haw. 2020) ("*Lauro II*"). *See* Fed. R. Evid. 201(b); *Harris v. Cty. of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012).

Mark Miyahira ("Miyahira") (collectively, "Defendants"), in their individual and official capacities. He alleges Defendants violated his constitutional rights when they conspired with the Honorable Dexter Del Rosario ("Judge Del Rosario") and Plaintiff's criminal defense attorney, Myles Breiner, Esq., ("Breiner"), to conceal an allegedly misleading sentencing memorandum, thus, obstructing justice and denying Plaintiff a fair sentencing proceeding.

For the following reasons, the Complaint and this action are DISMISSED without prejudice, but without leave to amend, as barred by the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994). Any pending motions are DENIED.

## I. STATUTORY SCREENING

The court must conduct a pre-Answer screening of prisoners' pleadings pursuant to 28 U.S.C. §§ 1915(e)(2) and/or 1915A(a). Claims or complaints that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune from suit must be dismissed. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

Screening under §§ 1915(e)(2) and 1915A(a) involves the same standard of review as that under Federal Rule of Civil Procedure 12(b)(6). *See Rosati v. Igbinoso,* 791F.3d 1037, 1039 (9th Cir. 2015) (citation omitted); *Wilhelm v.*

*Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012). A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). The "mere possibility of misconduct" or an "unadorned, the defendant-unlawfully-harmed me accusation" falls short of meeting this plausibility standard. *Id.* at 678-79; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

On screening, the court accepts the allegations of the complaint as true, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and construes the pleading liberally. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). Leave to amend must be granted if it appears the plaintiff can correct the Complaint's defects. *Lopez*, 203 F.3d at 1130. Dismissal without leave to amend is appropriate if a claim or complaint cannot be saved by amendment. *Sylvia Landfield Tr. v. City of L.A.*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## II. BACKGROUND

On October 3, 2012, Plaintiff was charged in the Circuit Court of the First Circuit, State of Hawaii ("circuit court"), for Theft in the Second Degree (Count 1),[3] and Habitual Property Crime (Count 2), in violation of Hawaii Revised Statutes ("HRS") §§ 708-831(1)(b) and -803, respectively. *See Russo,* 10/03/2012 Dkt. entry.

On November 19, 2012, while awaiting trial in *Russo*, Plaintiff, represented by counsel, sued the State and its officials for medical malpractice in *Lauro v. State*, Civ. No. 12-1-2784-11 (Haw. 1st Cir.). On November 29, 2012, the State Defendants removed the suit to federal court. *See Lauro v. Dep't of Public Safety*, Civ. No. 12-00637 DKW-BMK (D. Haw.) (*Lauro I*), ECF No. 1 (Notice of Removal).

On April 24, 2013, Plaintiff pled guilty to both charges in *Russo*. *See Russo*, 04/24/2020 Dkt. entry. On July 10, 2013, Judge Del Rosario sentenced Plaintiff. Judge Del Rosario dismissed Count 2 with prejudice, waived all fees and mandatory fines, imposed an indeterminate five-year term in Count 1, and

---

[3] Although the record in *Russo* shows that Plaintiff was charged with and pled guilty to Theft in the Second Degree, Plaintiff argues that he was only guilty of Theft in the Third Degree, based on the wholesale value of the stolen items. *See* Compl., ECF No. 1 at 7 ("Prosecutors . . . charged me with Felony Theft 2 and I got 5 years when the charge was a Theft 3 misdemeanor punishable of up to 1 year in jail.").

reduced Plaintiff's mandatory minimum term to six months "as a repeat offender based on mitigating circumstances, with credit for time served." *Id.* at 07/10/2013 Dkt. entry.

On December 3, 2015, more than two years after Plaintiff was sentenced, and released on parole in *Russo*, the court dismissed *Lauro I* with prejudice for Plaintiff's "continuous, willful, and deliberate conduct in failing to cooperate with his counsel or comply with court orders," finding that Plaintiff's conduct "impeded the orderly administration of justice."[4] *Id.*, Order Dismissing Case, ECF No. 321 at 4103. On May 5, 2016, Plaintiff's appeal in *Lauro I* was dismissed for his failure to prosecute. *See id.*, ECF No. 341 (Mandate, App. No. 15-17457).

On or about June 27, 2019, Plaintiff was arrested for violating the terms and conditions of parole in *Russo*; he is apparently now serving the remainder of his sentence. *See Lauro I*, *Lauro Decl.*, ECF No. 348-1 at 4514 ¶ 19. Plaintiff then began a campaign to reopen *Lauro I*.[5] Relevant here, Plaintiff moved for

---

[4] The relevant procedural history of *Lauro I* is set forth in detail in the Order Denying Motion for Relief from Judgment, in that case, entered on December 4, 2019. *See Lauro I*, ECF No. 357.

[5] *See Lauro I*, ECF Nos. 342 (07/19, 2019, letter discussing Plaintiff's state petition for post-conviction relief alleging fraud on the state court); 343 (09/5/2019 letter re: revocation of Plaintiff's parole, seeking advice on how to reopen *Lauro I*); 344 (09/09/2019 declaration); 347-49 (10/03/2019 miscellaneous motions and letter); 348-52 (10/07/2019 miscellaneous motions, letters, and requests); 354 (10/09/2019 Motion for Supplemental Jurisdiction); 356 (11/12/2019 Motion for Relief from Judgement).

relief from judgment in *Lauro I*, alleging that Breiner, Judge Del Rosario, and ex-Honolulu City and County Police Chief Louis Kealoha conspired with Defendants Katherine Kealoha and Miyahira to conceal Breiner's sentencing memorandum, to prevent or negatively impact an award of damages in *Lauro I*. *See id.*, "Motion for Relief from Judgement or Order, Rule 60, Fraud on the Court, Obstruction of Justice, Fraudulent Misrepresentation," ECF No. 356 at 4579-80. Plaintiff's Motion for Relief from Judgment was denied on December 4, 2019. *Id.*, ECF No. 357.

On or about October 22, 2019, Plaintiff filed a non-conforming state post-conviction petition challenging his sentence in *Russo*. *See Lauro v. State*, 1CPN-19-0000002 (Haw. 1st Cir.).[6] This petition alleges, *inter alia*, that Breiner, Judge Del Rosario, the Office of the Prosecutor, Kaneshiro, Kealoha, and Miyahira concealed the sentencing memorandum in *Russo*, to ensure that he would be sentenced without objection to a five-year term, and thereby prevent him from obtaining a civil damages award in *Lauro I*. *See* Pet., 1CPN-19-0000002.

On October 25, 2019, Plaintiff filed *Lauro II*, with the stated intent of reopening his claims in *Lauro I*. *See* Civ. No. 19-00585 DKW-KJM. On

---

[6] Plaintiff has since filed two amended post-conviction petitions in 1CPN-19-0000002, on 11/22 and 12/09/2019, respectively.

January 9, 2020, the court dismissed *Lauro II* with prejudice as precluded by the doctrine of res judicata. *See id.*, Order, ECF No. 14.

On November 25, 2019, Plaintiff filed the present action pursuant to 42 U.S.C. §§ 1983 and 1985(2). *See* Compl., ECF No. 1 at 1. Plaintiff alleges that several days *before* the July 10, 2013 sentencing hearing, Breiner and Judge Del Rosario, who are not named as Defendants herein, conspired with Defendants Kaneshiro, Kealoha, and Miyahira to conceal a sentencing memorandum that Breiner had filed, which allegedly stated that Plaintiff "respectfully request[s] the Honorable Court for a 5 year term of imprisonment." Compl., ECF No. 1 at 6; *see also*, *Russo*, 07/08/2013 Dkt entry ("Sentencing Memorandum"). He alleges they conspired to commit this alleged "Fraud on the Court," to prevent him from obtaining an expected, significant damage award against the State in his then-pending federal civil suit in *Lauro I*. *Id.* Plaintiff says he would have objected had known about the sentencing memorandum. Plaintiff seeks compensatory and punitive damages, to include the damages award he alleges that he would have received in *Lauro I*, absent Defendants' actions.

### III. DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2)

7

that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

To state a claim under 42 U.S.C. § 1985(2) for obstruction of justice in a state court proceeding, a plaintiff must allege "(1) a conspiracy by the defendants; (2) to impede, hinder, obstruct, or defeat the due course of justice in a state court; intending to deprive any citizen of the equal protection of the laws, i.e., that defendants acted with class-based animus." *Ellington v. House*, 2019 WL 4196319, at *14 (C.D. Cal. July 23, 2019), *report and recommendation adopted*, 2019 WL 4195337 (C.D. Cal. Sept. 3, 2019) (quoting *Estate of Esquivel v. Chavez*, 2008 WL 4821714, at *24 (E.D. Cal. Nov. 4, 2008). Because § 1985(2) derives from the Thirteenth Amendment, a plaintiff must allege "class-based animus" to state a claim. *Portman v. Cty. of Santa Clara*, 995 F.2d 898, 909 (9th Cir. 1993); *Bretz v. Kelman*, 773 F.2d 1026, 1029 (9th Cir. 1985); *accord Griffin v. Brekenridge*, 403 U.S. 88(1971).

### A.  *Heck v. Humphrey*

In *Heck v. Humphrey*, the Supreme Court held that "to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been

8

reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Id.* at 486-87. "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Id.* at 487.

Thus, if a plaintiff seeks relief based on claims that would "necessarily imply the invalidity" of an underlying conviction or sentence, and the plaintiff has not shown that the conviction or sentence has already been invalidated, on direct appeal, by a successful state habeas petition, or pursuant to 28 U.S.C. § 2254, the claims are not cognizable and the complaint must be dismissed without prejudice. *Id.*; *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (noting that *Heck* applies to claims for damages and equitable relief); *Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995). This is known as the "favorable termination" doctrine. *See Heck*, 512 U.S. at 492.

Plaintiff's claims here, if successful, would "necessarily imply the invalidity" of his criminal proceedings and present incarceration in *Russo*. The Complaint and cases cited by Plaintiff, however, conclusively show that his conviction in *Russo* has not been "reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Heck*, 512 U.S. at 489. Thus, Plaintiff's

9

Complaint and action must be dismissed for failure to state a claim, without prejudice to Plaintiff's right to file a new action if he succeeds in invalidating his conviction. *Edwards v. Balisok*, 520 U.S. 641, 649 (1997).

**B.      Failure to Otherwise State a Claim**

Regardless of whether Plaintiff's sentence is later invalidated, overturned, or called into question, it is also apparent that Plaintiff otherwise fails to state a plausible claim for relief against Defendants.

### 1.      *Prosecutor Immunity*

Prosecutors are immune from liability under § 1983 when they are functioning in their official capacities under proper jurisdiction. *See Imbler v. Pactman*, 424 U.S. 409, 427 (1976); *see also Olsen v. Idaho State Bd. of Medicine*, 363 F.3d 916, 922 (9th Cir. 2004) ("Absolute immunity is generally accorded to judges and prosecutors functioning in their official capacities"); *Ashelman v. Pope*, 793 F.2d 1072, 1075-77 (9th Cir. 1986) (noting that judges are generally immune from § 1983 claims except when acting in "clear absence of all jurisdiction. . . or performs an act that is not 'judicial' in nature," and prosecutors are generally immune unless acting without "authority") (internal citations omitted).

Plaintiff alleges that Defendant Prosecutors conspired with Judge Del Rosario and his defense attorney, Breiner, before, during, and after his sentencing proceeding to conceal the sentencing memorandum from him. Accepting that this decidedly implausible allegation is true, these facts show that Defendants were acting, however wrongfully, within their jurisdiction and authority as City and County Prosecutors, and that they are immune from suit for damages for these alleged actions.[7]

### 2. *Statute of Limitation*

Plaintiff knew the parameters of his sentence no later than July 10, 2013, when he was sentenced. Yet he waited six years before he brought this suit, and did nothing to challenge his sentence in state court interim, until *after* he was arrested for a parole violation in 2019. This action therefore appears time-barred.

Because § 1983 contains no statute of limitation, "federal courts apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law." *Butler v. Nat'l Cmty.*

---

[7] Although unnamed, the Court notes that Judge Del Rosario also has absolute immunity for his actions during the sentencing proceedings. *See Imbler*, 424 U.S. at 427. And, as Plaintiff has been told before, Breiner was not acting under color of state law as his defense attorney and is not subject to suit under §§ 1983 or 1985. *See Lauro v. Breiner*, Civ. No. 15-00272 DKW-KSC (D. Haw.) (dismissing action for failure to state a claim).

*Renaissance of California*, 766 F.3d 1191, 1198 (9th Cir. 2014). Hawaii has a two-year statute of limitation for personal injury actions. *See* Haw. Rev. Stat. § 657-7; *see also Beckstrand v. Read*, 680 Fed. App'x 609, 610 (9th Cir. 2017) (citing § 657-7, and stating, "[a]ctions for the recovery of compensation for damage or injury to persons . . . shall be instituted within two years after the cause of action accrued"); *Hyland v. Office of Hous. & Cmty. Dev.*, 2018 WL 4119903, at *6 (D. Haw. Aug. 29, 2018). The statute of limitation in Hawaii is tolled while a litigant is imprisoned, *see* Haw. Rev. Stat. § 657-13(3). Plaintiff, however, was *not* incarcerated between August 2015 and June 2019, and the statute was not tolled during that period.

Finally, although a court may equitably toll the statute of limitation "to ensure fundamental practicality and fairness" and "prevent the unjust technical forfeiture of causes of action, where the defendant would suffer no prejudice," *Jones v. Blanas*, 393 F.3d 918, 928 (9th Cir. 2004), the record here does not support such tolling. Equitable tolling is appropriate in § 1983 cases where there is "timely notice, [lack] of prejudice to the defendant, and reasonable and good faith conduct on the part of the plaintiff." *Donoghue v. Orange Cty.*, 848 F.2d 926, 931 (9th Cir. 1987) (citing *Retail Clerks Union Local 648 v. Hub Pharmacy, Inc.*, 707 F.2d 1030, 1033 (9th Cir. 1983)). Plaintiff had the opportunity to raise

these claims at any time since he was sentenced, or to challenge his sentence in *Russo I*, but he did not do so until October 2019. Moreover, Plaintiff's conduct since his release on parole in 2015, as documented in *Lauro I,* does not support a showing of good faith and prejudice and lack of notice to Defendants is clear.

### 3. *No Plausible Allegation of a Conspiracy under Section 1985*

Plaintiff alleges no facts to support his allegation that the Defendants conspired against him based on his race. He therefore fails to state a claim under 42 U.S.C. § 1985(2).

For the foregoing reasons, Plaintiff's claims are also DISMISSED for failure to state a claim and as time-barred. Normally, the Court would grant a plaintiff an opportunity to show cause why his claims should not be so dismissed. Because his claims are clearly barred by *Heck*, however, the dismissal for prosecutorial immunity and as time-barred is without prejudice, but without leave to amend.

### C. **Plaintiff's Motions**

On January 15, 2020, Plaintiff filed two motions and a letter in this action, in *Lauro I*, *Lauro II*, and *Lauro v. State*, Civ. No. 19-00633 JAO-KJM (D. Haw.). *See* ECF No. 5 ("Motion to order retaliatory state defendants to include USDC, HI federal in forma pauperis approvals to pay for outgoing federal court documents

postage from defendants wrongful coustudy [sic] to USDC, HI, (HCF to USDC, HI) from victim-plaintiff Thomas Lauro aka Thomas Reyes, w/exhibits"); No. 6 ("Motion to compel production of the sealed portion of the 11/19/15 motion to withdraw as plaintiff's councel [sic] of which caused a material change of circumstances conveyed to the court by plaintiff's councel [sic], (Michael Green, Earl Anzai and Glenn Uesugi Esq) 11/19/15 hearing"); and No. 7 (letter dated January 4, 2020). To the extent Plaintiff's Motions apply to the present suit, which is not evident, they are DENIED as moot.

## IV. **28 U.S.C. § 1915(g)**[8]

This dismissal may later count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g), because it is clear from the pleadings and judicially noticeable documents referenced therein that this action is completely barred by *Heck*. *See Washington v. Los Angeles Cty. Sheriff's Dep't*, 833 F.3d 1048, 1055-56 (9th Cir. 2016) (holding a dismissal under *Heck* may count as a strike for failure to state a claim, if "the pleadings present an 'obvious bar to securing relief'" and all claims are so dismissed).

---

[8] Prisoners may not proceed in forma pauperis under 28 U.S.C. § 1915 if they have "on 3 or more prior occasions, while incarcerated or detained . . . brought an action or appeal" in the federal courts that was dismissed as frivolous, malicious, or for failure to state a claim, unless they is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

## VI. CONCLUSION

(1)　The Complaint and this action are DISMISSED for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), without leave granted to amend, but without prejudice to refiling such claims in a new action after Plaintiff's conviction and/or sentence in *State v. Russo*, Cr. No. 12-1-1460 (Haw. 1st Cir.), is reversed, expunged, or declared invalid.

(2)　All pending Motions are DENIED as moot.

(3)　The Clerk SHALL terminate this action and enter judgment.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 28, 2020.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

*Lauro v. State, et al.*, No. 1:19 cv 00632 LEK WRP; Scrg'20